## Case No. 13,825.

### In re TEMPLE.

[4 Sawy. 92; [1] 17 N. B. R. 345.]

District Court, D. California.   Sept. 25, 1876.

BANKRUPTCY — PARTNERSHIP — NOTICE — VOID ADJUDICATION — ASSIGNMENT UNDER STATE LAW.

1. Where one partner, on his voluntary petition, obtained from the register an adjudication against the firm, without giving the notice required by rule 18, held, that the adjudication is void.

2. Where the same person, on the same petition, obtained an adjudication against a firm of which he had been a member, but which had been dissolved by the death of his copartner, held, that the adjudication is void.

3. The assignee in bankruptcy is entitled to recover property assigned in fraud of the bankrupt act [of 1867; 14 Stat. 517], although such an assignment was made in strict compliance with the insolvent law of the state, and was for the equal benefit of all the creditors.

In equity.

Volney E. Howard, James D. Thornton, and Joseph Naphtaly, for complainants.

G. H. Smith, A. Bronson, John M. Coghlan, and Wm. S. Wells, for defendants.

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

HOFFMAN, District Judge. On the tenth day of July, 1876, the above-named bankrupt filed his petition for adjudication individually, and as a member of the firms of Temple & Workman and Temple & Ledyard.

He averred that both of those firms were insolvent, and he annexed schedules showing his separate assets and liabilities, and the assets and liabilities of the two firms of which he was a member. The petition was referred to J. J. Werner, Esq., one of the registers of this court, who, on the twentieth July, 1876, adjudged the said F. P. F. Temple, individually, and as surviving "partner of the firm of Temple & Workman, and the said firms of Temple & Workman and Temple & Ledyard, bankrupts, accordingly." It is admitted that Workman was dead at the date of the filing of the petition, and it does not appear that Ledyard assented to the petition or had any notice whatever of the proceeding.

On the twenty-first August, 1876, Volney E. Howard filed his bill in equity against D. Freeman and E. F. Spence, setting forth that he is a creditor of the said F. P. F. Temple, and that he brings suit for himself and all other creditors of said bankrupt, and all creditors of said firms of Temple & Workman and Temple & Ledyard, and also for William Temple, administrator, with the will annexed of William Workman, deceased.

The bill in substance avers: That on the thirteenth day of January, the said firms of Temple & Workman and Temple & Ledyard were insolvent and unable to pay their debts, and that being so insolvent, and with a view to prevent the assets of said firm of Temple & Workman, and of the said firm of Temple & Ledyard, and the individual assets of said bankrupt and of said Workman, from coming to their assignees in bankruptcy, and with a view to prevent them from being distributed under the bankrupts laws of the Revised Statutes, and to defeat the operation of and impair, hinder, impede and delay the operation and effect of, and to evade the provisions of said laws, the said bankrupt and the said William Workman, and the firm of Temple & Workman, made an assignment of all their individual and partnership assets, and said bankrupt made an assignment of all the assets of the said firm of Temple & Ledyard to D. Freeman and E. F. Spence, in trust, for the satisfaction of the creditors of said firm of Temple & Workman, and of the individual members of said firm, and of the creditors of said firm of Temple & Ledyard, and to distribute the same amongst the said creditors in manner and proportion as provided in title 3, pt. 2, of the Civil Code of California. That said D. Freeman and E. F. Spence accepted the said assignment, and took possession of said assets and still retain them. That at the time the assignment was executed and accepted, the said assignees had reasonable cause to believe and know, and did know that said firm of Temple & Workman, and the individuals composing said firm, and said firm of

Temple & Ledyard, were insolvent, and that said assignment was made with a view and with the intent by such disposition of the assets and property aforesaid to prevent the same from coming to their assignee or assignees in bankruptcy, and to prevent said assets and property from being distributed under the acts of congress aforementioned, and to defeat the object of, and to impair, hinder and delay the operation of, and evade the provisions of said laws.

The bill contains averments with regard to the debts of the firms and the members thereof, and the value of the property assigned, and charges upon the assignee mismanagement and waste of the estate, and that a suit to set aside the assignment aforesaid has been commenced and is still pending in the courts of this state.

The complainant therefore prays, inasmuch as no assignee has yet been appointed, that the said Freeman and Spence may be enjoined from making any disposition or transfer of any of the said assets conveyed to them under the assignment aforesaid, that they be so decreed to have and to hold the same in trust for the assignee or trustee hereafter to be elected, and that they may be required to deliver to such assignee or trustee, when elected, all of said property and assets. To this bill the defendants have filed a general demurrer.

It is clear that the act of the register adjudicating the firms of Temple & Workman and Temple & Ledyard to be bankrupt was wholly unauthorized and void. No notice was given to Ledyard, as expressly required by rule 18 of the supreme court, and Workman was dead at the time the court would commence proceedings. The act speaks of persons who are partners in trade, and although partners are deemed to continue to be such quoad creditors, notwithstanding a formal dissolution, inter sese where there are joint assets and joint creditors, it has never been held that a partnership dissolved by the death of one of the members can be treated as still subsisting so as to be subject to the provisions of the bankrupt laws.

The effect of an adjudication that the firm is bankrupt is to declare each of its members bankrupt, and the act requires the assignee to take possession, not only of the firm assets, but also of the individual property of each of the partners. The status of a deceased person cannot be passed upon by a bankruptcy court, nor has he any property, the title to which can vest in an assignee appointed in a proceeding by or against the surviving partner. In Durgin v. Coolidge, 3 Allen, 555, two partners had signed a petition in insolvency and sent it for presentation to the court. Before it was presented one of them was killed, but the judge, in ignorance of that fact, issued the warrant in the usual form. It was held that the court of insolvency never acquired jurisdiction of the separate estate of the deceased partner,

and that the warrant to the messenger to take possession of his separate estate was inoperative and void. But it was also held that the petition might be treated as that of a surviving partner, and that in that relation he was entitled to have possession of all the partnership property. The court say: "It is, therefore, quite clear that, upon the death of one of two partners, the survivor may rightfully apply to the court of insolvency by petition, and that thereupon due proceedings may be had for the sequestration of the partnership property and the disposal of it for the payment of the debts due to the partnership creditors." 3 Allen, 555. See, too, in re Daggett [Case No. 3,535].

It is, therefore, plain that so far as the bill seeks to compel the delivery to the assignee of Temple, of the joint assets of Temple & Ledyard, the relief must be denied, for Ledyard has not been brought before the court, and the adjudication that the firm of Temple & Ledyard is bankrupt is void. The prayer of the bill that the separate estate of Workman shall be held in trust for the assignee to be elected, and delivered to him when elected, must also be denied, for the adjudication that the firm of Temple & Workman is bankrupt is void. This court has no power to reach his estate, in the course of administration by the probate court, or in the hands of his assignee; and the assignee in bankruptcy of Temple, adjudged a bankrupt individually, and as surviving partner of the late firm, would have no title or right of possession to what was formerly the separate estate of his deceased partner. It is suggested that Workman, by his assignments, converted his separate estate into joint assets, and therefore his surviving partner, or his assignee in bankruptcy, may take possession of it for distribution. But these views seem quite inadmissible. The principal object of the bill is to obtain a decree declaring the assignment to be void under the bankruptcy laws. It cannot be pronounced void and inoperative to convey title to the assignee, and at the same time be valid as operating a conversion of his separate estate into joint assets. Moreover, such was not the effect or intention of the instrument. It was merely an assignment of all Workman's estate, joint and separate, in trust, to be distributed amongst his creditors according to law. His separate debts might have been sufficient to absorb the entire separate estate. The fact that these debts are small in comparison with the joint debts can have no effect to make the assignment a conversion of separate assets into joint assets. It is unnecessary, however, further to consider the matter, for since writing the above the counsel for the complainant has apprised me that he abandons the point.

From the foregoing it results that the bankrupt, as surviving partner of the firm of Temple & Workman, was entitled, on the death of the latter, to the possession of the firm assets for the purposes of administering upon them, and that upon his being adjudged bankrupt individually and as such surviving partner, his assignee in bankruptcy may recover them from the assignee to whom he has transferred them by a conveyance which the bankrupt act avoids. It is contended that the assignment to the defendants is void, under those laws. The bill avers that the assignment was made with a view to prevent the assets of the bankrupt from coming to his assignees in bankruptcy, and to prevent said assets and property from being distributed under the provisions of the bankrupt laws, and to defeat the object of, and to evade the provisions of, and to impair, hinder, impede, and delay the operation and effect of said laws. It further avers that the defendants knew that the firm of Temple & Workman, and the individuals composing said firm, were insolvent, and that the assignment was made with the view and intent above set forth.

In passing upon this demurrer, these allegations must be taken to be true. The case is thus brought within the very terms of section 5129, and it is also taken out of the operation of the cases decided by Mr. Justice Nelson and Mr. Justice Swayne,—Sedgwick v. Place [Case No. 12,622], Langley v. Perry [Id. 8,067]. In the first of these cases Mr. Justice Nelson places his decision on the ground that "all intention to defraud creditors or to prevent the property of the debtor coming to an assignee in bankruptcy was denied and that there is no proof to the contrary." The learned judge therefore assumes the assignment in "question to be untainted with fraud, either against creditors or against the bankrupt act."

In Langley v. Perry [supra], Mr. Justice Swayne held that a voluntary assignment of his property by a debtor, for equal distribution among his creditors, is not necessarily a conveyance of property with intent to defeat or delay the operation of the bankrupt act. "That the existence of such intent is a question of fact. The innocence or guilt of the act depends on the mind of him who did it, and it is not a fraud within the meaning of the bankrupt law unless it was so intended." The bill in this case alleges this intent, and the allegation is not denied.

It is contended by the learned counsel for the defendants that this case falls under the first clause of section 5129, and that the assignment can only be avoided because of a preference given to some creditor, and this only within four months from its date. In support of this view, he cites a passage from the opinion of the supreme court in Gibson v. Warden, 14 Wall. [81 U. S.] 249. The language of the court is "upon comparing the two clauses together we are satisfied that the first clause was intended to refer to the past, and the second to the present. The language employed in the first clause imports clearly that the consideration must

be one growing out of a former transaction, and that the recipient must stand in the relation thus created to the other party.

"It is equally clear that the second clause, enlightened by this construction of the first one, must be limited to cases where the transaction in question was original and complete in itself at the time it occurred, and had no reference for its consideration to anything between the parties which had gone before it."

If this language be taken literally, the assignment in question evidently falls within the second clause of the section. It was "original and complete within itself, and had no reference for its consideration to anything between the parties which had gone before it."

The learned counsel, however, argues that inasmuch as the assignment was in trust for the benefit of the creditors, they must be regarded as the real parties, and the assignment as founded on the consideration of the assignors' indebtedness to them. But this construction of the language of the supreme court seems quite inadmissible. The parties to the instrument are evidently the assignors and the assignees. It may have been made without the knowledge or consent of all the creditors. The argument of counsel is not founded on the particular circumstances of this case. It would equally apply to an assignment made without the knowledge, or contrary to the wishes of all the creditors. In such a case, they surely could not be called parties to it.

But the construction of the two clauses in the section does not turn upon a close and literal examination of the expressions used in an opinion of the supreme court. The construction of the section substantially given by the court is, that the first clause refers to cases of preference given to creditors; the second, to transfers in fraud of the bankrupt act. These will ordinarily be to persons other than creditors. But the language of the clause and its evident object and intent forbid the idea that congress designed to permit an insolvent to make any or all of the fraudulent sales, transfers or assignments of his property denounced in the section, provided he selects for his accomplices a creditor, and avoids giving him a preference. Such a construction would practically deprive the clause of all effect.

All the cases cited on behalf of the defendants impliedly recognize the invalidity of assignments like the one under consideration, if made in fraud of the act, to a person having knowledge of the fraudulent intent. Some difference of opinion has arisen on the point where the existence of such intent should be conclusively presumed, on the ground that every one is presumed to contemplate and intend the natural and inevitable consequence of his acts. But it is nowhere intimated that, if this intent be established, the case does not fall within the second clause of section 5129.

In Mayer v. Hellman, 91 U. S. 496, the supreme court applied the six months' limitation in the second clause to an assignment, in all respects similar to the assignment in this case. I think it clear, therefore, that if the allegations of the bill as to the intent of the assignors, and the knowledge of that intent on the part of the assignees be true (and they are admitted by the demurrer), the assignment, so far as it relates to the separate estate of the bankrupt Temple, and the firm assets of Temple & Workman, must be set aside. An interlocutory decree will therefore be entered, setting aside the adjudication, in so far as it adjudges the late firm of Temple & Workman and the firm of Temple & Ledyard to be bankrupts, and directing it to be modified by adjudging Temple a bankrupt individually, and as surviving partner of the late firm of Temple & Workman. The demurrer filed to the bill will be overruled, and leave given to answer within thirty days, and further proceedings will thereupon be stayed until an assignee or trustee be chosen, and is made a party complainant to the bill.

The injunction heretofore issued will be dissolved, so far as it relates to the separate property of Workman, deceased, and to the firm property of Temple & Ledyard, but will be retained in respect of the separate property of Temple and the firm assets of Temple & Workman. The order postponing the election of assignee will also be vacated, and the register ordered to proceed to hold such election, the votes to be cast by all the creditors of Temple, whether as an individual or as surviving partner as aforesaid.

NOTE [from 17 N. B. R. 345]. The "first clause" mentioned in the opinion refers to section 5128, and the "second clause" to section 5129 itself; section 35 of the bankrupt act having been divided by the revision of the statutes.